United States District Court
Southern District of Texas
**ENTERED**
January 12, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KRISTA MICHELLE RAMOS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS | § | CIVIL ACTION NO. 2 21-CV-00099 |
| | § | |
| FCA US LLC, *et al*, | § | |
| | § | |
| Defendants | § | |

## ORDER ON PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS

Defendant FCA US LLC ("Defendant") filed its bill of taxable costs on September 26, 2022 (D E. 163) Defendant later amended its bill of costs, requesting $25,223 05 (D E. 173, p. 1) Now pending are Plaintiffs' objections and amended objections to Defendant's amended bill of costs (D.E 164; D E. 176). Plaintiffs ask the Court to award Defendant $0 00, based on the Court's "wide discretion" to ensure costs are taxed equitably *See* (D E 164, p 2, 10, D E 176, p 1) Alternatively, Plaintiffs ask the Court to reduce the costs requested to the amount unobjected to, $13,630 63 (D E 176, p 1) After review, the Court **OVERRULES in part** and **SUSTAINS in part** Plaintiffs' objections (D.E 164, D E 176) The Clerk of Court is **DIRECTED** to **TAX COSTS** in the amount of **$20,963.27**

### I. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party" FED R CIV P 54(d)(1) While the court has discretion to award costs, the court may only tax costs listed in 28 U S C § 1920, which are:

(1) Fees of the clerk and marshal,

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses, [and]

(4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case

28 U S C § 1920 (1)–(4), *Taniguchi v Kan Pac Saipan, Ltd*, 566 U S 560, 565 (2012) (rejecting the view that "the discretion granted by Rule 54(d) is a separate source of power to tax as costs expenses not enumerated in § 1920") (citations omitted), *see also Crawford Fitting Co v J T Gibbons, Inc*, 107 S. Ct 2494, 2498 (1987) ("Costs that are not authorized by statute or contract must be borne by the party incurring them ") If a requested cost falls under those listed in § 1920, there is a "strong presumption that the prevailing party will be awarded costs " *Pacheco v Mineta*, 448 F 3d 783, 793 (5th Cir 2006). Thus, "[i]f the party being taxed has not specifically objected to a cost, the presumption is that the costs being sought were necessarily incurred for use in the case and will be taxed." *Baisden v I'm Ready Prods, Inc*, 793 F. Supp. 2d 970, 973 (S.D Tex. 2011) (Lake, J ) However, "once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case " *Id* (citing *Fogleman v ARAMCO*, 920 F 2d 278, 286 (5th Cir 1991))

Although a court may consider several factors in determining whether to award or deny costs, *see Pacheco*, 448 F 3d at 794, "[f]inancial hardship, without more, is not a sufficient reason[,]" *Hawkins v City of Lexington*, No. 21-60838, 2022 WL 671452, at *1 (5th Cir. Mar 7, 2022) (citing *Smith v Chrysler Grp, LLC*, 909 F.3d 744, 753 (5th Cir 2018)), *see also Moore v CITGO Refin & Chems Co*, 735 F 3d 309, 320 (5th Cir 2013) ("[R]educing or eliminating a

prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law ")

## II. Analysis

Defendant requests the following costs

| COSTS REQUESTED | |
|---|---|
| **Fees for Service of Summons and Subpoenas** | |
| Service of subpoena on James Brunner | $65 00 |
| Service of subpoena on Zachary Sprouse | $65 00 |
| Service of subpoena on Dr. Craig Pedersen | $65 00 |
| **Subtotal** | **$195.00** |
| **Fees for Printed or Electronically Recorded Transcripts** | |
| Deposition of JR | $311 75 |
| Deposition of Trooper Zachary Sprouse | $1,192 05 |
| Deposition of Juan Galan | $914 70 |
| Deposition of Pamela Galan | $688 80 |
| Deposition of James Brunner | $601 40 |
| Deposition of Bradley Mattarocci | $1,294 15 |
| Deposition of Larry Brookes | $1,203 60 |
| Deposition of Brian Herbst | $1,597 80 |
| Deposition of Richard "Smokey" Dyer | $1,498 25 |
| Deposition of Dr  Jonathan Eisenstat | $728 50 |
| Deposition of Nicholas Durisek | $698.93 |
| Deposition of Dr  Lisa Gwin | $499 05 |
| Deposition of Jon Olson | $798 00 |
| Deposition of Dr  Arthur Hoffman | $1,639 35 |
| Deposition of Jeff Colwell, Volume 1 | $195 59 |
| Deposition of Jeff Colwell, Volume 2 | $765 21 |
| Deposition of Dr  Paul Uribe | $261 65 |
| Deposition of Michael Prange | $739.85 |
| Deposition of Emily Skow | $548.50 |
| Deposition of Ricardo Palacios | $1,543 50 |
| Deposition of Dr  Randolph Evans | $647 60 |
| Transcript of Trial Days 1–3 | $757 20 |
| Transcript of Trial Day 4 | $304 80 |
| **Subtotal** | **$19,430.23** |
| **Fees for Witnesses** | |
| Zachary Sprouse Trial Attendance | $40 00 |
| James Brunner Trial Attendance | $40 00 |
| Dr  Craig Pedersen Trial Attendance | $40 00 |
| **Subtotal** | **$120** |

| Fees for Exemplification and Copies | |
|---|---|
| Authentication of funeral records of JIR from Roberson Funeral Home | $179 45 |
| Authentication of funeral records of JMR from Roberson Funeral Home | $179.45 |
| Authentication of court records of JIR from Jim Wells County JP, Precinct 5 | $189 40 |
| Authentication of court records of JMR from Jim Wells County JP, Precinct 5 | $179.45 |
| Authentication of mortuary records of JIR from Holmgreen Mortuary | $183 55 |
| Authentication of mortuary records of JMR from Holmgreen Mortuary | $182 85 |
| Authentication of autopsy records of JIR from Nueces County Medical Examiner | $243 29 |
| Authentication of autopsy records of JMR from Nueces County Medical Examiner | $247 93 |
| Authentication of medical records of Krista Ramos from Coastal Bend Women's Center | $456 10 |
| Authentication of medical records of Krista Ramos from Driscoll Maternal Fetal Medicine – Bay Area Clinic | $408.80 |
| Authentication of medical records of Krista Ramos from Christus Spohn Hospital | $354 58 |
| Authentication of medical records of Krista Ramos from CVS Pharmacy | $179.45 |
| Authentication of medical records of Krista Ramos from Wal-Mart Pharmacy | $227 15 |
| Authentication of medical records of Krista Ramos from Moore's Compounding Pharmacy | $277 20 |
| Authentication of school records of JR from Corpus Christi ISD | $201.55 |
| Authentication of insurance records of 2013 Chysler 300 from Old American County Mutual Fire Insurance Company | $237 35 |
| Authentication of emergency responder records of 3/6/21 accident from Orange Grove Volunteer Fire Department | $190 40 |
| Authentication of phone records of Krista Ramos from Sprint Spectrum | $297.25 |
| Authentication of police records of 3/6/21 accident from Jim Wells County Sheriff's Department | $294.40 |
| Authentication of police records of 3/6/21 accident from Texas DPS | $655.27 |
| Authentication of tow records of 3/6/21 accident from Cindy's Wrecker Service, LLC | $112 95 |
| **Subtotal** | **$5,477.82** |
| **TOTAL COSTS** | **$25,223.05** |

### A. The Court will assess costs

Plaintiffs first ask the Court to deny any award of costs to Defendant because of the large financial disparity between Plaintiffs and Defendant. (D E 164, p. 2, 10, D E 176, p 1) However, the Fifth Circuit does not permit reducing or eliminating costs based solely on the parties' financial resources. *See Smith*, 909 F.3d at 753, *Moore*, 735 F 3d at 320 As such, the Court **OVERRULES** Plaintiffs' objection to the entirety of Defendant's requested costs on financial disparity grounds (D E. 164, p 1, 10, D E 176, p 1)

4 / 15

**B. Recoverable Costs**

Because the Court is awarding costs, the Court turns to Plaintiffs' alternative argument—that Defendant's requested costs contain amounts that are legally impermissible. *See* (D E 164, p 7–11; D E. 176, p 1). Plaintiffs raise four main objections to Defendant's costs: (1) that they are not necessary for the case; (2) that they are completely irrelevant or obtained for purposes of general discovery, (3) that they include incidental fees and amounts not permitted by 28 U.S C § 1920, and (4) that they relate to Defendant's own experts or employees *See* (D.E 164, p 7–11)

### *i Costs not necessary for the case*

Plaintiffs argue that the following still-requested costs were not necessary for the case:

- $65 00 – service of subpoena on James Brunner
- $65 00 – service of subpoena on Trooper Zachary Sprouse
- $757.20 – transcript of Trial Days 1, 2, 3
- $304 80 – transcript of Trial Day 4
- $179 45 – authenticates funeral records of JIR from Roberson Funeral Home
- $179 45 – authenticates funeral records of JMR from Roberson Funeral Home
- $183 55 – authenticates mortuary records of JIR from Holmgreen Mortuary
- $182 85 – authenticates funeral records of JMR from Holmgreen Mortuary
- $201 55 – authentication of school records of JR from Corpus Christi ISD
- $297 25 – authenticates phone records of Krista Ramos from Sprint Spectrum
- $112 95 – authenticates two records of the 3/6/21 accident from Cindy's Wrecker Service, LLC

(D E 164, p 6, 7–10); *see* (D E 172, p. 5, 12) (amending costs for service of subpoenas and withdrawing request for $190 40 for authenticating medical records of Krista Ramos from Superior Health Plan, Inc )

### a. Subpoenas

Plaintiffs argue the subpoenas are not necessary because both witnesses, James Brunner and Zachary Sprouse, testified they were appearing at trial voluntarily. *See* (D.E 164, p 6) Conversely, Defendant argues that the subpoenas were necessary because both individuals were "key factual witnesses" (D E 172, p 5) Regarding Zachary Sprouse specifically, Defendant

points out that Plaintiffs were discouraging him from appearing in person at trial. *Id* (referencing Trooper Sprouse's trial testimony) The Court will not award costs for subpoenaing James Brunner Presumably, most—if not all—fact witnesses at trial were "key," yet not subpoenaed Accordingly, Defendant has not shown that subpoenaing James Brunner was necessary However, the Court will award costs for subpoenaing Zachary Sprouse

### b  Trial Transcripts

Costs for trial transcripts are awardable if the transcripts were necessary for the case and not merely for the convenience of counsel  *Holmes v  Cessna Aircraft Co* , 11 F.3d 63, 64 (5th Cir 1994) ("To award the cost of daily transcripts, the court must find that they were not obtained primarily for the convenience of the parties but were necessarily obtained for use in th[e] case ").  Defendant argues the trial transcripts were necessary because Plaintiffs cited to the transcripts during examination of witnesses and Defendant "needed copies of the transcripts to follow along", Defendant's "closing argument used what plaintiffs' counsel had said in opening statement", and "the trial took nearly a week and a half " (D.E. 172, p  10)  The Court declines to award costs for the trial transcripts  Notwithstanding the length of the trial, the Court finds that the transcripts requested were for the convenience of counsel and not necessary in the sense contemplated by 28 U S C  § 1920. *See Harris Corp  v  Sanyo N  Am  Corp* , No  3-98-CV-2712-M, 2002 WL 356755, at *4 (N D  Tex  Mar. 4, 2002) (Kaplan, Mag  J ) (declining to award daily trial transcripts costs when plaintiff argued they were necessary for witness examination and final argument) (citing *In re Nissan Antitrust Litig* , 577 F 2d 910, 912–13, 918 (5th Cir  1978), *cert  denied*, 99 S  Ct  843 (1979))

c. <u>Records</u>

Costs for authenticating records are recoverable under § 1920(4)  *See* 28 U S C  § 1920(4)

(allowing fees for exemplification)  Plaintiffs object that the above-listed records were

unnecessary but do not specifically explain why they were unnecessary  *See* (D E. 164, p  7, 8–

10). Because Plaintiffs failed to specifically object to the costs requested for obtaining these

records, the costs are presumptively necessary for the case. *See Baisden*, 793 F  Supp  2d at 973

Moreover, Defendant's response elaborates why each requested record was necessary  (D E  172,

p  11–12)  The Court is thus satisfied the above-listed records were necessary for the case and

awards costs for these records

   *ii  Costs that are irrelevant or obtained for purposes of general discovery*

Plaintiffs argue that the following still-requested costs are irrelevant or obtained for

purposes of general discovery.

- $179 45 – authentication of funeral records of JIR from Roberson Funeral Home
- $179 45 – authentication of funeral records of JMR from Roberson Funeral Home
- $183.55 – authentication of mortuary records of JIR from Holmgreen Mortuary
- $182 85 – authentication of funeral records of JMR from Holmgreen Mortuary
- $201 55 – authentication of school records of JR from Corpus Christi ISD
- $297 25 – authentication of phone records of Krista Ramos from Sprint Spectrum
- $112 95 – authentication of two records of the 3/6/21 accident from Cindy's Wrecker Service, LLC
- $237 35 – authentication of insurance records of 2013 Chrysler 300 from Old American County Mutual Fire Insurance Company
- $190 40 – authentication of emergency responder records of the 3/6/21 accident from Orange Grove Volunteer Fire Department

(D E  168, p. 7, 8–10), *see* (D E  172, p  12) (withdrawing request for $190 40 for authentication

of medical records of Krista Ramos from Superior Health Plan, Inc )  In considering an objection

that records were obtained for general discovery purposes, "the proper test    . is whether it was

reasonably foreseeable that the evidence may be used for trial preparation at the time it was

obtained " *Fogleman*, 920 F 2d at 285

Concerning the first seven above-listed costs, Plaintiffs also objected on the ground that they were unnecessary for the case *See supra* section II B i c. Like that objection, Plaintiffs do not argue how these record costs were irrelevant or for general discovery purposes Regardless, however, for the same reasons Defendant asserted regarding why the costs were necessary for the case, the Court finds that these costs were relevant and not for purposes of general discovery. *See* (D E. 172, p 11–12), *e g*, *Williams v J B Hunt Transp, Inc*, No. 4.13-CV-02510, 2016 WL 4445442, at *3–4 (S D Tex Aug 24, 2016) (Harmon, J) (permitting costs for records used to evaluate a plaintiffs' claims and damages and relating to uses that "would have likely been raised if the case had gone to trial")

The Court also finds that the last two above-listed costs concerning insurance records and emergency responder records were relevant and not for purposes of general discovery. As Defendant asserts, Krista Ramos's insurance records were relevant to the issue of Krista Ramos's credibility and culpability *See* (D E 172, p. 13) (citing argument at trial and Krista Ramos's trial testimony) The record was admitted at trial and was used to refresh Krista Ramos's testimony *See id* The Court also finds that it was reasonably foreseeable that the insurance records would be used for trial preparation when they were obtained. *See Fogleman*, 920 F 2d at 285 Similarly, the emergency responder records concerned the subject crash, including the timing of events, which was a contested issue at trial. (D.E 172, p 13) The Court therefore finds that the records were relevant and that it was reasonably foreseeable that the emergency responder records would be used for trial preparation when they were obtained *See Fogleman*, 920 F 2d at 285 The Court awards costs for all the above-listed records

      iii  *Costs containing incidental fees or amounts not permitted by 28 U.S.C. § 1920*

      a  <u>Depositions</u>

Plaintiffs argue that the following still-requested costs concerning the depositions of these

witnesses contain incidental costs or costs not permitted by 28 U.S.C. § 1920

- $311.75 – the deposition of JR
- $1,192.05 – the deposition of Trooper Zachary Sprouse
- $914 70 – the deposition of Juan Galan
- $688 80 – the deposition of Pamela Galan
- $601 40 – the deposition of James Brunner
- $1,294 15 – the deposition of Bradley Mattarocci
- $1,597 80 – the deposition of Brian Herbst
- $1,498 25 – the deposition of Smokey Dyer
- $728 50 – the deposition of Dr  Jonathan Eisenstat
- $261 65 – the deposition of Paul Uribe
- $1,543 50 – the deposition of Ricardo Palacios
- $647.60 – the deposition of Dr. Randolph Evans

(D E  164, p  8), *see* (D E  172, p  7, D E. 173, p  3) (reflecting amended amounts requested)

Specifically, Plaintiffs appear to object to costs of delivery, remote appearance attendance fees,

and other administrative fees. (D.E. 164, p  5–6)

      While § 1920(2) permits "a prevailing party to recover fees for necessary printed or

electronically recorded transcripts, the 'incidental costs associated with depositions     . are

generally not recoverable.'" *Richards v  Lufkin Indus  LLC*, No  9 14-CV-00136-RC, 2019 WL

6682079, at *4 (E.D  Tex. Mar  26, 2019) (Clark, J.) (quoting *Maurice Mitchell Innovations, L P

v Intel Corp* , 491 F  Supp. 2d 684, 687 (E D  Tex  2007) (Davis, J )). Incidental costs may include

"delivery charges," *see Leal v  Magic Touch Up, Inc* , No  3 16-CV-00662-O, 2019 WL 162885,

at *2 (N.D  Tex  Jan  9, 2019) (Ramirez, Mag. J ), "expedited delivery charges, ASCII disks, and

parking," *Halliburton Energy Servs , Inc  v  M-I, LLC*, 244 F.R D  369, 371 (E.D  Tex  2007)

(Davis, J ), and charges for "shipping, binding, and tabbing[,]" *U S  ex rel  Long v  GSDMIdea

City, L L C* , 807 F 3d 125, 133 (5th Cir  2015), *see also Royall v  Enterprise Prods  Co* , No. 3 19-

cv-92, 2021 WL 4198400, at *2 (S.D Tex. Mar 17, 2021) (Brown, J) (declining to award costs

for "exhibits w/ tabs" and "exhibits color") Lastly, "remote deposition costs are not awardable

under § 1920 " *Aircraft Holding Solutions, LLC v Learjet, Inc*, No. 3 18-CV-0823-D, 2022 WL

1505861, at *8 (N D Tex. May 11, 2022) (Fitzwater, J.) (explaining that fees incurred for a remote

platform to conduct a deposition are not fees for an electronically recorded transcript and thus do

not fit within § 1920)

    After consideration, the Court will award costs for these depositions modified as follows

- $166 75 – the deposition of JR (costs deducted for e-delivery and attorney remote attendance)
- $1,140 05 – the deposition of Trooper Zachary Sprouse (costs deducted for e-delivery and color exhibits)
- $858 85 – the deposition of Juan Galan (costs deducted for e-delivery and color exhibits)
- $640.65 – the deposition of Pamela Galan (costs deducted for e-delivery and color exhibits)
- $554 30 – the deposition of James Brunner (costs deducted for e-delivery and color exhibits)
- $1,204 00 – the deposition of Bradley Mattarocci (costs deducted for e-delivery and color exhibits)
- $1,597.80 – the deposition of Brian Herbst (no costs deducted)
- $1,498 25 – the deposition of Richard "Smokey" Dyer (no costs deducted)
- $728.50 – the deposition of Dr. Jonathan Eisenstat (no costs deducted)
- $216 65 – the deposition of Paul Uribe (costs deducted for e-delivery)
- $1,543 50 – the deposition of Ricardo Palacios (no costs deducted)
- $602.60 – the deposition of Dr. Randolph Evans (costs deducted for e-delivery)

### b Records

Plaintiffs argue that the following still-requested costs related to the acquisition of certain

records contain costs that were incidental or not permitted by 28 U S.C. § 1920.

- $189.40 – authentication of court records of J I.R. from Jim Wells County JP, Precinct 5
- $179 45 – authentication of court records of J M.R from Jim Wells County JP, Precinct 5
- $243 29 – authentication of autopsy records of J I R from Nueces County Medical Exam

- $247.93 – authentication of autopsy records of J.M.R. from Nueces County Medical Exam
- $456 10 – authentication of medical records of Krista Ramos from Coastal Bend Women's Center
- $408 80 – authentication of medical records of Krista Ramos from Driscoll Maternal Fetal Medicine – Bay Area Clinic
- $354 58 – authentication of medical records of Krista Ramos from Christus Spohn Hospital
- $179 45 – authentication of medical records of Krista Ramos from CVS Pharmacy
- $227 15 – authentication of medical records of Krista Ramos from Wal-Mart Pharmacy
- $277.20 – authentication of medical records of Krista Ramos from Moore's Compounding Pharmacy
- $294 40 – authentication of police records of 3/6/21 accident from Jim Wells County Sheriff's Department
- $655.27 – authentication of police records of 3/6/21 accident from Texas DPS

(D E 164, p. 7, 9–10) However, unlike Plaintiffs' objections regarding the depositions' incidental costs, Plaintiffs do not specify which costs they believe to be incidental or impermissible under 28 U S C § 1920. Nor did Plaintiffs cite to any law concerning incidental costs and records Moreover, the Court has reviewed the invoices for these items and finds that costs requested are not incidental The Court thus awards all the above-listed costs.

iv *Costs for depositions of Defendant's own experts and employees*[1]

Plaintiffs argue that the following still-requested costs are impermissible because they relate to FCA's own experts or employees

- $1,203 60 – the deposition transcript of Larry Brookes
- $698 93 – the deposition transcript of Nicholas Dunsek
- $499 05 – the deposition transcript of Dr Lisa Gwin
- $798.00 – the deposition transcript of Jon Olson
- $195 59 – the deposition transcript of Dr. Jeff Colwell, Volume 1
- $765.21 – the deposition transcript of Dr. Jeff Colwell, Volume 2
- $739 85 – the deposition transcript of Michael Prange
- $548.50 – the deposition transcript of Emily Skow, Ph D

---

[1] The Court held a hearing on Defendant's bill of costs on November 3, 2022 At that hearing, Plaintiffs represented that they no longer objected to costs concerning the depositions of Michael Prange and Emily Skow, Ph D on the ground that they are Defendant's own experts As such, the Court will not disallow costs for these depositions on this ground The Court will nevertheless evaluate the depositions of Michael Prange and Emily Skow, Ph D —and the rest of the deposition costs requested—to ensure the costs are allowable under § 1920

(D E. 164, p 5, 7–8)

A deposition is taxable so long as "the taking of the deposition is shown to have been reasonably necessary in light of the facts known to counsel at the time it was taken " *Liberty Mut Ins Co v Gardere & Wynne*, No 3-95-cv-1330-L, 2004 WL 691229, at *1 (N D Tex Mar 29, 2004) (Sanderson, Mag. J ) (citing *Cooper Liquor, Inc v Adolph Coors Co* , 684 F 2d 1087, 1099 (5th Cir 1997)) "[A] deposition need not be introduced into evidence at trial in order to be necessarily obtained for use in the case " *Fogleman,* 920 F.2d at 285 Further, while not a general rule, a party may not be "entitled to recover its costs for a copy of the deposition of a witness whom the party may call as its witness at trial." *Liberty Mut Ins Co* , 2004 WL 691229, at *1 (citing *Cyprus-Fairbanks I S D v Michael F* , 118 F 3d 245, 257–58 (5th Cir 1997) ("[A]s defendant had to have known that these witnesses would have to be called for live testimony in open court    their depositions were surplusage and cannot properly be taxable to [the plaintiffs] as 'reasonably necessary' under these circumstances")), *but see Henry v Spectrum, LLC,* No. 3 18-CV-1086-N, 2020 WL 570829, at *2 (N D Tex Feb. 5, 2020) (Godbey, J ) (costs for depositions of defendant's witnesses were necessary where defendant used depositions in summary judgment briefing and would have used in trial preparation) Regardless, a "district court [has] great latitude in this determination " *Fogleman,* 920 F 2d at 285–86

After review, the Court will award costs for the deposition transcripts of Mr. Prange, Dr. Skow, Mr Brookes, Dr Gwin, Dr Durisek, and Mr Olson As stated above, *see supra* note 1, Plaintiffs no longer object to costs requested for the depositions of Michael Prange and Emily Skow, Ph D on the ground that they are Defendant's own experts or employees Regarding the others, Defendant argues that it obtained copies of the depositions of Mr Brookes, Dr Gwin, Dr. Durisek, and Mr Olson after anticipating that Plaintiffs would move to exclude its expert

witnesses (D.E 172, p. 9). Plaintiffs did move to exclude Dr Gwin, Dr Durisek, and Dr Olson, *see* (D E 97), and Defendant argues it used the depositions to respond to Plaintiffs' motions to exclude, (D E 172, p 9) Defendant also utilized the depositions of these witnesses in responding to Plaintiffs' motion for summary judgment *Id* Mr. Brookes' deposition was also used for pretrial motions and responses, *see id*, and Plaintiffs called Mr. Brookes as part of their case-in-chief, *see id* at 10 As such, the Court finds that Defendant has met its burden to show that obtaining the deposition transcripts of Mr Brookes, Dr Gwin, Dr. Durisek, and Mr Olson were necessarily obtained for use in the case *See Baisden*, 793 F Supp 2d at 977. However, the Court finds that Defendant has not met its burden of showing that the transcripts of Dr Colwell's deposition were necessarily obtained; rather, it appears that these transcripts were obtained merely for the convenience of counsel *See Baisden*, 793 F Supp 2d at 977, *see also* (D.E. 172, p. 10) For these reasons, the Court declines to award costs for the deposition transcripts of Dr. Colwell.

Accordingly, the Court awards costs for these above-listed depositions, excepting Dr Colwell's, modified as follows

- $769 30 – the deposition transcript of Larry Brookes (costs deducted for e-delivery, rough ASCII, color exhibits, handling, and attorney remote attendance)
- $506.30 – the deposition transcript of Nicholas Durisek (costs deducted for e-delivery, color exhibits, handling, attorney remote attendance, and finance charges)
- $499 05 – the deposition transcript of Dr Lisa Gwin (no costs deducted)
- $579.90 – the deposition transcript of Jon Olson (costs deducted for e-delivery, color exhibits, rough ASCII, and handling)
- $523 30 – the deposition transcript of Michael Prange (costs deducted for e-delivery, color exhibits, handling, and attorney remote appearance fee)
- $493.50 – the deposition transcript of Emily Skow, Ph.D. (costs deducted for e-delivery and handling)

### III. Conclusion

For the reasons stated herein, the Court **OVERRULES in part** and **SUSTAINS in part** Plaintiffs' objections to Defendant's amended bill of costs (D.E. 164, D.E. 176). The Court awards costs as follows:

| COSTS AWARDED | |
|---|---|
| **Fees for Service of Summons and Subpoenas** | |
| Service of subpoena on James Brunner | $00.00 |
| Service of subpoena on Zachary Sprouse | $65.00 |
| Service of subpoena on Dr. Craig Pedersen | $65.00 |
| **Subtotal** | **$130.00** |
| **Fees for Printed or Electronically Recorded Transcripts** | |
| Deposition of JR | $166.75 |
| Deposition of Trooper Zachary Sprouse | $1,140.05 |
| Deposition of Juan Galan | $858.85 |
| Deposition of Pamela Galan | $640.65 |
| Deposition of James Brunner | $554.30 |
| Deposition of Bradley Mattarocci | $1,204.00 |
| Deposition of Larry Brookes | $769.30 |
| Deposition of Brian Herbst | $1,597.80 |
| Deposition of Richard "Smokey" Dyer | $1,498.25 |
| Deposition of Dr. Jonathan Eisenstat | $728.50 |
| Deposition of Nicholas Durisek | $506.30 |
| Deposition of Dr. Lisa Gwin | $499.05 |
| Deposition of Jon Olson | $579.90 |
| Deposition of Dr. Arthur Hoffman | $1,639.35 |
| Deposition of Jeff Colwell, Volume 1 | $0.00 |
| Deposition of Jeff Colwell, Volume 2 | $0.00 |
| Deposition of Dr. Paul Uribe | $216.65 |
| Deposition of Michael Prange | $523.30 |
| Deposition of Emily Skow | $493.50 |
| Deposition of Ricardo Palacios | $1,543.50 |
| Deposition of Dr. Randolph Evans | $602.60 |
| Transcript of Trial Days 1–3 | $0.00 |
| Transcript of Trial Day 4 | $0.00 |
| **Subtotal** | **$15,762.60** |
| **Fees for Witnesses** | |
| Zachary Sprouse Trial Attendance | $40.00 |
| James Brunner Trial Attendance | $40.00 |
| Dr. Craig Pedersen Trial Attendance | $40.00 |
| **Subtotal** | **$120.00** |

| Fees for Exemplification and Copies | |
|---|---|
| Authentication of funeral records of JIR from Roberson Funeral Home | $179 45 |
| Authentication of funeral records of JMR from Roberson Funeral Home | $179 45 |
| Authentication of court records of JIR from Jim Wells County JP, Precinct 5 | $189 40 |
| Authentication of court records of JMR from Jim Wells County JP, Precinct 5 | $179 45 |
| Authentication of mortuary records of JIR from Holmgreen Mortuary | $183 55 |
| Authentication of mortuary records of JMR from Holmgreen Mortuary | $182 85 |
| Authentication of autopsy records of JIR from Nueces County Medical Examiner | $243 29 |
| Authentication of autopsy records of JMR from Nueces County Medical Examiner | $247 93 |
| Authentication of medical records of Krista Ramos from Coastal Bend Women's Center | $456 10 |
| Authenticates medical records of Krista Ramos from Driscoll Maternal Fetal Medicine – Bay Area Clinic | $408 80 |
| Authentication of medical records of Krista Ramos from Christus Spohn Hospital | $354 58 |
| Authentication of medical records of Krista Ramos from CVS Pharmacy | $179 45 |
| Authentication of medical records of Krista Ramos from Wal-Mart Pharmacy | $227 15 |
| Authentication of medical records of Krista Ramos from Moore's Compounding Pharmacy | $277.20 |
| Authentication of school records of JR from Corpus Christi ISD | $201 55 |
| Authentication of insurance records of 2013 Chysler 300 from Old American County Mutual Fire Insurance Company | $237 35 |
| Authentication of emergency responder records of 3/6/21 accident from Orange Grove Volunteer Fire Department | $190.40 |
| Authentication of phone records of Krista Ramos from Sprint Spectrum | $297.25 |
| Authentication of police records of 3/6/21 accident from Jim Wells County Sheriff's Department | $294.40 |
| Authentication of police records of 3/6/21 accident from Texas DPS | $655.27 |
| Authentication of tow records of 3/6/21 accident from Cindy's Wrecker Service, LLC | $112 95 |
| **Subtotal** | **$5,200.67** |
| **TOTAL COSTS** | **$20,963.27** |

The Clerk of Court is **DIRECTED** to **TAX COSTS** in the amount of **$20,963.27.**

SO ORDERED

DAVID S MORALES
UNITED STATES DISTRICT JUDGE

Dated  Corpus Christi, Texas
       January  11 , 2023

15 / 15